Nicolas MORALES, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 11–1728.

United States Court of Appeals,
Fourth Circuit.

Submitted: March 6, 2012.

Decided: March 15, 2012.

H. Glenn Fogle, Jr., The Fogle Law
Firm, LLC, Atlanta, Georgia, for Petition-
er. Tony West, Assistant Attorney Gener-
al, Keith I. McManus, Senior Litigation
Counsel, Matt A. Crapo, Trial Attorney,
United States Department of Justice, Of-
fice of Immigration Litigation, Washing-
ton, D.C., for Respondent.

Before WILKINSON, DUNCAN, and
WYNN, Circuit Judges.

Petition dismissed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Nicolas Morales, a native and citizen of
Guatemala, petitions for review of an order
of the Board of Immigration Appeals
("Board") dismissing his appeal from the
immigration judge's denial of his applica-
tion for cancellation of removal. For the
reasons set forth below, we dismiss the
petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2006),
entitled "Denials of discretionary relief,"
"no court shall have jurisdiction to review
any judgment regarding the granting of
relief under section ... 1229b," which is
the section governing cancellation of re-
moval. In this case, the immigration
judge found, and the Board explicitly
agreed, that Morales failed to meet his
burden of establishing that his two United
States citizen children would suffer excep-
tional and extremely unusual hardship if
he is returned to Guatemala. We conclude
that this determination is clearly discre-
tionary in nature, and we therefore lack
jurisdiction to review challenges to this
finding. See, e.g., Barco–Sandoval v. Gon-
zales, 516 F.3d 35, 36 (2d Cir.2008); Mem-
ije v. Gonzales, 481 F.3d 1163, 1164 (9th
Cir.2007); Martinez v. U.S. Att'y Gen., 446
F.3d 1219, 1221–22 (11th Cir.2006); Mer-
az–Reyes v. Gonzales, 436 F.3d 842, 843
(8th Cir.2006); see also Obioha v. Gon-
zales, 431 F.3d 400, 405 (4th Cir.2005) ("It
is quite clear that the gatekeeper provision
[of § 1252(a)(2)(B)(i) ] bars our jurisdiction
to review a decision of the [Board] to
actually deny a petition for cancellation of
removal."). Indeed, we have concluded
that the issue of hardship is committed to
agency discretion and thus is not subject
to appellate review. Okpa v. INS, 266
F.3d 313, 317 (4th Cir.2001).

Accordingly, we dismiss the petition for
review.* We dispense with oral argument
because the facts and legal contentions are
adequately presented in the materials be-

* We note that Morales raises no colorable ques-
tions of law or constitutional claims that fall
within the exception set forth in 8 U.S.C.
§ 1252(a)(2)(D) (2006) (stating that no provi-
sion limiting judicial review "shall be con-
strued as precluding review of constitutional
claims or questions of law raised upon a
petition for review filed with an appropriate
court of appeals").

fore the court and argument would not aid the decisional process.

*PETITION DISMISSED.*